The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. The Opinion and Award has been rewritten for clarity.
************
Plaintiff's motion to revise the expert witness fee approved for Dr. Dye is DENIED.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Agreement dated November 29, 1995 as:
STIPULATIONS
1. On the date of the injury by accident, June 14, 1993, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. At the time of the injury by accident, an employer/employee relationship existed between the parties.
3. ITT Hartford Insurance was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $800.00, yielding a compensation rate of $442.00.
5. Plaintiff has received temporary total disability benefits from the date of injury to the date of the hearing.
6. Plaintiff's medical records were stipulated into evidence.
************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 37 years old. He is a high school graduate.
2. As of June 14, 1993, plaintiff was a lead splicer for defendant-employer. He had been working for this employer for approximately two months.
3. Plaintiff was injured by accident arising out of and in the course of his employment on June 14, 1993 when he injured his right shoulder.
4. Plaintiff received medical treatment from Dr. George Klein who then referred him to Dr. S. Lamont Wooten. Dr. Wooten treated plaintiff conservatively and, on August 31, 1993, performed an acromioplasty.
5. Plaintiff sought treatment from Dr. David G. Dye on or about March 3, 1994 and received conservative treatment, including steroid injections.
6. Plaintiff underwent a right upper extremity function capacity evaluation on August 5, 1994. Based on the FCE, Dr. Dye released plaintiff to return to work with restrictions of no lifting over 25 pounds with the right arm and no lifting over 52 pounds with both arms.
7. John Bell with IntraCorp. was assigned by defendant to provide vocational rehabilitation services to plaintiff. According to Mr. Bell, plaintiff failed to follow up with possible employers by putting in applications or scheduling interviews.
8. Plaintiff sought medical treatment from Dr. Gary Poehling, the chairman of the Bowmen Gray Orthopaedic Department, on May 12, 1995, who recommended arthroscopic debridement surgery.
9. Plaintiff attempted to return to work for another employer on January 6, 1996. On January 17, 1996, he felt a pop and then intense pain in his shoulder, causing him to fall onto a fence. This incident was the result of loose bodies in the right shoulder area, and was causally related to the compensable injury by accident. Plaintiff returned for treatment with Dr. Dye and was diagnosed with a right shoulder contusion and biceps tendinitis.
10. As of the hearing before the Deputy Commissioner, plaintiff had not returned to work and had not had the arthroscopic debridement surgery. Plaintiff sought Industrial Commission approval for this surgery, within a reasonable time, after denial by defendant.
11. Based upon the medical opinion of Dr. Gary Poehling, the arthroscopic debridement surgery is reasonably required to effect a cure, give relief, or lessen the period of disability.
12. Plaintiff received approximately $50.00 per month for June, July and August 1995 working as a booking agent for rock and roll bands. During September and thereafter his business increased to approximately $64.00 for one club and $25.00 for another club per month, which would be a deduction against the workers' compensation benefits payable to him.
13. Beginning June 14, 1992 and continuing thereafter, plaintiff was incapable because of his work-related shoulder injury which he sustained and the resultant pain to earn wages which he was receiving at the time of his injury at the same or any other employment.
************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On June 14, 1993, plaintiff sustained an injury by accident to his right shoulder which arose out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As the result of the compensable injury, plaintiff is entitled to continue to receive temporary total disability compensation at the rate of $442.00 per week. Defendants are entitled to a deduction for the amounts plaintiff earned as an entertainment manager and for any wages earned in his employment which began on January 6, 1996. N.C. Gen. Stat. §§ 97-29; 97-30.
3. As a direct and proximate result of plaintiff's work-related injury by accident on June 14, 1993, plaintiff sustained an injury to his right shoulder, and requires further medical treatment. N.C. Gen. Stat. § 97-25.
4. Plaintiff is entitled to further medical treatment to be provided by Dr. Gary Poehling, including the arthroscopic debridement for which plaintiff has sought authorization. N.C. Gen. Stat. § 97-25.
************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall continue to pay plaintiff temporary total disability compensation at the rate of $442.00 per week, subject to a deduction for any wages earned, until further order of the Industrial Commission.
2. To the extent that the same is reasonably designed to effect a cure, give relief or lessen the period of disability, defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury, including continued medical care provided by Drs. Poehling and Dye, and any surgical services deemed necessary to relieve plaintiff's continuing back pain from his compensable injury.
3. Plaintiff's request for authorization for arthroscopic debridement surgery recommended by Dr. Gary G. Poehling is GRANTED.
4. An attorney's fee of 25 percent of the compensation due plaintiff herein is awarded to plaintiff's counsel and shall be paid by forwarding every fourth compensation check directly to Mr. Cox.
5. Defendants shall bear the costs.
This the ____ day of June, 1997.
 S/ ____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________ J. HOWARD BUNN, JR. CHAIRMAN